999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Elizabeth Diane SHIELDS, Defendant-Appellant.
 No. 92-5056.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1993.
 
 Before KELLY, Circuit Judge, SETH, Senior Circuit Judge, and KANE, Senior District Judge*.
 ORDER AND JUDGMENT**
 PER CURIAM.
 
 
 1
 Defendant-appellant Elizabeth Shields appeals her conviction on one count of use of a false Social Security number and one count of bank fraud. She contends that the evidence at trial was insufficient to support her conviction on the false Social Security number count and that the court below erred in enhancing her sentence for obstruction of justice.
 
 
 2
 After a thorough review of the record, we conclude that there was sufficient evidence, viewed in the light most favorable to the government, upon which the jury could find beyond a reasonable doubt that Shields had used a false Social Security number. See United States v. Ratchford, 942 F.2d 702, 703 (10th Cir.1991), cert. denied, 112 S.Ct. 1185 (1992). We further hold that the district court did not err in enhancing Shield's sentence for obstruction of justice based on her false testimony at trial. See United States v. Dunnigan, --- U.S. ----, 113 S.Ct. 1111 (1993).
 
 
 3
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3